# EXHIBIT A

FILED
2019 JAN 29 01:19 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-02858-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TIMTU WOLDEMARIAM, Parent and Guardian, on behalf of EZANA KIDANE, a Disabled Student,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT, a Washington Municipal Corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES** |

## I. INTRODUCTION

Plaintiff Ezana Kidane is a 20-year-old student who is autistic and non-verbal. Mr. Kidane is enrolled in the Seattle School District (the District). The physical and verbal abuse of Mr. Kidane while at school and the District's systematic exclusion of Mr. Kidane from school violate Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the Washington Law Against Discrimination, common law assault and battery, and negligence.

## II. PARTIES

2.1   Ezana Kidane is a disabled student who resides in King County, Washington.

Complaint for Damages - 1

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

2.2     Defendant Seattle School District (hereafter "the District") is a Washington Municipal Corporation located in Seattle, Washington.

### III.     JURISDICTION AND VENUE

3.1     This Court has jurisdiction pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794a, 42 U.S.C. §§ 12132-12133, and RCW 49.60 *et seq.*

3.2     Plaintiff has exhausted all requisite administrative remedies pursuant to 20 U.S.C. § 1415(l).

### IV.     FACTUAL ALLEGATIONS

4.1     Mr. Kidane is a 20-year-old student who is autistic and non-verbal.

4.2     Mr. Kidane resides with Timtu Woldemariam, his parent, inside the boundaries of the Seattle School District. He attends school in Seattle School District at Cleveland High School.

4.3     Mr. Kidane is in what is known as a "life-skills" class for severely disabled high school students.

4.4     Mr. Kidane had the same classroom teacher from the time he entered Cleveland High School until February 3, 2017.

4.5     Mr. Kidane's teacher demanded Ms. Woldemariam take Mr. Kidane home early from class two to three times per week until February 3, 2017.

4.6     Mr. Kidane's exclusion from school occurred regularly. The District had notice of the exclusion and failed to prohibit the exclusion.

Complaint for Damages - 2

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

4.7     Mr. Kidane's May 2016 Behavioral Intervention Plan states that if Mr. Kidane engages in "target behavior," he will be sent home early that day or excluded from school the next day.

4.8     The District's intentional conduct excluding him from school and denying him the benefits of educational programing denied Mr. Kidane his entitlement to a free and appropriate public education.

4.9     The District's routine exclusion of Mr. Kidane proximately caused him extreme emotional distress and anxiety.

4.10    Until February 3, 2017, Mr. Kidane frequently came home from school with bruises and torn clothing. When Ms. Woldemariam inquired about the bruises and torn clothes, Mr. Kidane's teacher threatened to contact state authorities and complain about Ms. Woldemariam, who is an immigrant from Ethiopia and not a fluent English speaker.

4.11    The District placed Mr. Kidane in an environment in which it knew or should have known to be unsafe.

4.12    Mr. Kidane's teacher violently assaulted him on February 3, 2017 in the presence of Instructional Assistants and other students.

4.13    The physical and verbal abuse of Mr. Kidane proximately caused him extreme emotional distress and anxiety.

4.14    The physical assaults on Mr. Kidane constitutes assault and battery.

4.15    The District is a place of public accommodation for purposes of state and federal laws.

Complaint for Damages - 3

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

4.16    The District was aware of Mr. Kidane's need for accommodations that were obvious and that were required by federal statutes and regulations.

4.17    The District treated Mr. Kidane differently than similarly situated able-bodied students by virtue of his disability.

4.18    The District denied Mr. Kidane participation of the public benefits available in the classroom because of his disabling condition.

4.19    The District's intentional and routine exclusion of Mr. Kidane from the classroom constitutes a failure to accommodate his disabling condition and disparate treatment in a place of public accommodation.

4.20    The District is a recipient of federal funds to educate students with disabilities.

4.21    Refraining from routinely excluding Mr. Kidane from class would not have fundamentally altered the nature of the District's programs or activities offered to disabled students.

4.22    The District acted with deliberate indifference towards Mr. Kidane's when it knew harm to Mr. Kidane's federally protected right to an education program designed to meet his needs was substantially likely when it excluded Mr. Kidane from school and when it failed to act on that likelihood of harm.

4.23    The District acted with deliberate indifference when it failed to provide Mr. Kidane meaningful access to educational benefits and when it denied him reasonable accommodations.

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

4.24    As a proximate cause of the District's failure to exercise reasonable care for Mr. Kidane's safety in the classroom, the symptoms of his preexisting conditions have been exacerbated thereby complicating any ongoing treatment of these conditions.

4.25    As a proximate cause of the District's failure to exercise reasonable care for Mr. Kidane's safety in the classroom, Mr. Kidane suffered psychological trauma.

4.26    As a proximate cause of the District's failure to exercise reasonable care for Mr. Kidane's safety in the classroom, Mr. Kidane and his family will incur the cost of medical expenses for individual therapy, family therapy, psychiatric treatment, inpatient psychiatric hospitalizations, transition planning, job training and supervision, psychiatric mediations, and physical health care costs.

4.27    In March 2018, Ms. Woldemariam initiated a request for a Due Process Hearing under the IDEA, 20 U.S.C. § 1415(f), (h), and (i). In November 2018, Ms. Woldemariam and the Defendant School District reached a settlement. The Due Process Hearing was dismissed with prejudice on December 12, 2018.

4.28    Plaintiff filed Administrative Claim(s) for Damages pursuant to RCW 4.96.020 More than 60 days has elapsed since the Defendant was served.

## V.    CLAIMS FOR RELIEF

5.1    Plaintiff hereby realleges the substance of sections I, II, III, and IV by this reference incorporates them herein.

5.2    Defendant's discriminatory conduct violates Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Washington Law Against Discrimination, RCW 49.60 *et seq.*

Complaint for Damages - 5

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

5.3     The above stated facts give rise to a claim of assault and battery.

5.4     The above stated facts give rise to a claim of negligence.

## VI.     PRAYER FOR RELIEF

6.1     Plaintiff hereby realleges the substance of sections I, II, III, IV, and V by this reference incorporates them herein.  Plaintiff requests the following relief:

1.  General damages in an amount to be proven at time of trial.

2.  Special damages including but not limited to, the cost of medical expenses for individual therapy, family therapy, psychiatric treatment, inpatient psychiatric hospitalizations, transition planning, job training and supervision, psychiatric mediations, and health care costs.

3.  Prejudgment interest on economic damages already incurred.

4.  Reasonable costs and attorney fees.

5.  Award Plaintiff pre-litigation interest, in an amount to be proved at trial.

6.  Award Plaintiff post-litigation interest on her judgment.

7.  Award Plaintiff tax consequences relief as provided by law.

8.  Award Plaintiff such other relief as the Court deems just and proper.

Dated this 29th day of January 2019.

> *s/ Susan B. Mindenbergs*
> Susan B. Mindenbergs, WSBA No. 20545
> Attorney for Plaintiff Ezana Kidane
> Law Office of Susan B. Mindenbergs
> 705 Second Avenue, Suite 1050
> Seattle, WA 98104
> Telephone: (206) 447-1560
> Fax: (206) 447-1523
> Email: susanmm@msn.com

Complaint for Damages - 6

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523